JOSEPH McCOLLUM, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

Under the Act to prevent the unnecessary consumption of grain, meal, etc., by distillation, one may exchange meal for whisky without violating the provisions of the statute.

Misdemeanor.   In Newton Superior Court.   Tried before Judge FLOYD.   March Term, 1864.

The plaintiff in error was tried on an indictment for causing whisky, etc., to be made by distillation, illegally, from corn and other grain.

The evidence was as follows:

*James M. McDonald*—About November last, (1864)

defendant sent about four bushels of corn meal to witness's distillery, in this county. About one month afterwards, defendant called at the distillery and got a gallon of whisky. Before defendant sent the meal, he told witness that he would send it—that he wanted whisky. No contract was ever made between witness and defendant about the meal and whisky, and no settlement in relation to it. The meal, when it came, was put into a tub with other meal. Out of this tub witness fed his hogs, and also distilled. Does not know whether any of the particular meal sent by defendant was distilled or not. Would not say, on his oath, that any of the meal sent by defendant was distilled. The meal was sent to the distillery by a negro. Defendant had not been to witness's " still," except when witness was distilling fruit in fruit time, for two years, until he came after this whisky.

The Court, after reading to the jury the several statutes on the subject of distilling, charged them as follows:

" If you believe, from the evidence, that defendant carried or sent any corn, corn meal, or any other grain, to a distillery to be made into whisky, alcohol, or other spirituous or malt liquors, and that he received whisky from the distiller for such corn, corn meal, or any other grain, you ought to find the defendant guilty; unless the defendant has shown to your satisfaction that it was made for medicinal, hospital, chemical, or mechanical purposes, and with a license from the Governor or Inferior Court."

This was the entire charge; and it is complained of as erroneous.

CLARK, for plaintiff in error.

HAMMOND, Solicitor General, for The State.

WALKER, J.

We think the charge of the Court was not as full as it

should have been. Under the evidence, the jury might have found that the transaction was a barter, an exchange of meal for whisky; and if it was, we are not prepared to say that defendant would be guilty of causing spirituous liquors to be made from corn meal. Certainly, under the statute, a party could exchange his meal for whisky, if he chose to do so; and we think the Judge should so have instructed the jury. "It is the duty of the Judge to declare to the jury what the law is, with its exceptions and qualifications." *Keener vs. The State*, 18 *Ga. R.*, 230. That is, he must state fully to them the law applicable to the facts of the case on trial. This case presented two aspects, one of guilt, the other of innocence; and the attention of the jury should have been called to that view of the facts consistent with innocence as well as the one suggesting guilt. For this failure, a new trial is granted.

Judgment reversed.